hKNOLL, Judge.
In this worker’s compensation case, plaintiff appeals the hearing officer’s determination of his weekly compensation rate.[1]
FACTS
On May 26,1993, Manfred L. Vincent (Vincent) began work as a truck driver for I.E. Miller of Eunice, Inc. (Miller). Two days later, on May 28, 1993, Vincent injured his knee while climbing a ladder on his tanker truck. He reinjured his knee on May 31, 1993, and stayed out of work for six days, until June 7, 1993. Vincent then returned to work until June 19, 1993, at which time his condition had been aggravated to the point that he was disabled.
12Vincent was paid at a rate of $5.50 per hour, with an overtime rate of $8.25 per hour. Vincent’s payroll record reflects that he worked the following hours:
May 26,1993 7
May 27,1993 19.5
May 28,1993 13.5
May 31,1993 4
June 7,1993 12
June 8, 1993 8
June 9,1993 13
June 10,1993 13
June 11,1993 9.5
June 12,1993 1.5
June 13,1993 16
June 14, 1993 7.25
June 15,1993 11
June 18,1993 7.5
June 19, 1993 12
From the date of the accident through September 25, 1994, Vincent received total disability payments in the amount of $146.67 per week. On September 25, 1994, Vincent’s benefits were increased to $226.65 per week. On September 30, 1994, Vincent filed a disputed claim for worker’s compensation (form 1008), demanding that his weekly benefits be increased to $307.00 per week.
At issue is the calculation of Vincent’s pre-accident wages for the purpose of determining his compensation rate. Vincent only worked for three days before the accident occurred, and after the accident his work history is inconsistent. Nevertheless, the records show that when he was working, he regularly put in long hours. For the week ending May 28, Vincent worked 40 hours; for the week ending June 6, he worked 4’hours; for the week ending June 13, he worked 73 hours; and for the week ending June 20, he worked 37.75 hours. Vincent contends that his weekly compensation rate should reflect his last two weeks of employment, when he worked 110.74 hours, and had a gross pay of $699.88. Miller contends that Vincent’s final two weeks are not indicative of Vincent’s work history with the company. Miller ^further contends that under La.R.S. 23:1021(10)(a)(i), post-accident wages should not be considered and that Vincent’s wages should be calculated using a forty hour week.
La.R.S. 23:1021(10) states in relevant part: (10) “Wages” means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
(a) Hourly wages
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full tveeks pre *473 ceding the date of the accident or forty hours, whichever is greater;
La.R.S. 23:1021(10). (Emphasis added.)
A hearing on this issue was held on May 24, 1995. On September 13, 1995, the hearing officer rendered judgment with written reasons setting Vincent’s compensation rate based on a 40 hour week. In her written reasons, the hearing officer stated:
LSA-R.S. 23:1021(10)(a)(i) clearly provides that the average weekly wage is to be calculated based on the average actual hours worked in the four full weeks preceding the date of the accident or forty, whichever is greater. The statute in no manner contemplates the use of post-injury earnings in the calculation.
The hearing officer was correct to disallow Vincent’s post-accident earnings and set compensation based on a 40 hour week. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in a search for the intent of the legislature. La. Civ.Code art. 9. The applicable law clearly requires the use of pre-accident wages rather than pre-disability wages.
Moreover, we find strong policy considerations for the requirement that only pre-accident wages be considered, which protect both employers and employees. For ^example, factoring in post accident wages could allow employees to pad the number of hours worked just before they file a claim, and substantially increase their compensation rate. The reverse situation also protects employees who attempt to work after an accident and the employee is unable to work the number of hours he worked prior to the accident. Under these circumstances, the employee will not be penalized for a drop off in hours worked as a result of the accident.
For the foregoing reasons, the judgment of the hearing officer is affirmed. Costs of this appeal are assessed to plaintiff, Manfred L. Vincent.
AFFIRMED.

. Claimant also assigned as error the hearing officer's determination that defendant was entitled to a credit for overpaid compensation. However, claimant has failed to brief this issue, and it will be considered abandoned. Uniform Rules, Courts of Appeal 2-12.4.